6539

## STATE v. HUNTER.

ACCOMPLICE IN HOMICIDE.—The charge held not to convey the meaning that one present for the purpose of aiding, counselling or assisting the perpetrator in a homicide without actually doing so and without the knowledge of the perpetrator that he was ready to do so, was equally guilty with the perpetrator, but that some concert of purpose or assurance of support by speech or action was necessary to conviction.

Before PRINCE, J., Abbeville, February Term, 1906. Affirmed.

Indictment against Joe Hunter and John Hunter for murder. From sentence, defendants appeal.

*Mr. M. P. DeBruhl and Wm. P. Greene*, for appellant. *Mr. Greene* cites: *Who is an aider and abetter in crime?* 2 Ency., 32; 33 Ind., 418; 65 Mo., 29; 96 Am. St. R., 879; 36 S. C., 532; 18 S. C., 175.

*Solicitor R. A. Cooper*, contra.  Oral argument.

May 13, 1907.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The defendants, Joe Hunter and John Hunter, appeal from a conviction and sentence for manslaughter under an indictment charging them with the murder of Lewis Edwards.  The killing was one of the many fatalities incident to the social function known as a negro hot supper.  Though the evidence is conflicting, it seems probable that Charlie Hunter fired the fatal shot; and this fact made a correct statement of the law to the jury as to what would constitute guilty participation in crime very important to the appellants.

There are several exceptions, but they all turn on the inquiry whether the charge of the Circuit Judge, taken as

a whole, was an instruction that the defendants would be guilty if they were present for the purpose of backing, counseling or assisting the actual perpetrator of the crime without actually doing so, and without the knowledge of the perpetrator that they were ready to do so. If the charge conveyed to the jury this meaning it was erroneous, for the mere presence at the commission of a crime, with the intention to aid, but without preconcert and without the knowledge of the person engaged in the crime, does not ordinarily of itself constitute such participation. The authorities will be found collected in 12 Cyc., 186, and they require no particular comment. But we do not think that was the idea conveyed to the jury by the Circuit Judge. This is the language used: "Now, gentlemen, I charge you that where two or more persons are acting in concert, mutually counselling, aiding or abetting, all being present at the time of the homicide committed by one of them, each one is as guilty as the other, without regard to who fired the fatal shot. But now, in order to make a man who does not do the fatal act responsible, he must be present, aiding, abetting, or counselling, or he must be present for the purpose of aiding and abetting if necessity demands it. *It need not be shown that there was an actual verbal agreement to stand by and aid the one or the other, but before a man can be convicted as a principal, on the theory that he was aider and abetter, the jury must be satisfied beyond a reasonable doubt from the testimony that he was present, and that that was the purpose of his presence. You and I, Mr. Foreman, without speaking a word the one to the other, may, by a look or by action indicate the one to the other that we are backing the one or the other, that we will act in concert.* Whether or not there is in this case any evidence to justify an inference of that sort against the defendants, or either of them, is entirely a question of fact for you, and as to it I do not mean to intimate any opinion. I just want you to understand the law. Before you can convict these defendants, before you can

convict either of them, you must be satisfied beyond a reasonable doubt that 'the party whom you convict, one or both, as the case may be, either fired the fatal shot, or was present aiding and abetting or counselling or assisting *at the time* that he was present there for the purpose of backing, counselling or assisting. Now, if you are satisfied that one of them was present, counselling, assisting or abetting, and the other was not, or if you are not satisfied beyond a reasonable doubt that the other was, why that would not justify the conviction of them both. Each man must stand on his own feet in this case. One may be guilty and the other not, is what I mean to say. It does not necessarily follow that both are guilty because one is guilty." * * *

"And the State must satisfy you in this case, before you could convict John Hunter, beyond a reasonable doubt, before you could be justified in convicting John Hunter, that either John Hunter killed him, or was present, aiding, abetting or counselling, or for the purpose of aiding, abetting or counselling or assisting the man who did kill him. The same is true of Joe Hunter. Before you can convict him you must be satisfied that the deceased was murdered and that Joe Hunter either murdered him, or was present aiding, abetting, assisting or counselling, or was present for the purpose of aiding, abetting, assisting or counselling the man who did murder him. In either event that would make Joe Hunter guilty; but unless you are satisfied of that beyond a reasonable doubt you would not be justified in convicting Joe Hunter. The same may be said of John Hunter."

The words we have italicized in this extract made it sufficiently clear to the jury that some concert or purpose or assurance of support by speech or action was necessary to conviction. Indeed, concert may be inferred, not only from speech or action, as stated in the charge, but cases may be conceived where it might be inferred from inaction.

At the conclusion of the charge, the Circuit Judge gave counsel for the defendants opportunity to call his attention to any omission in the charge, and if the instrument on this

point was considered not sufficiently clear, a request to make it clearer should have been made.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.